UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SUSANNE D. HELBIG,

    Petitioner,

v.                       Case No. 4:18-cv-449-WS/MJF

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This action filed pursuant to 28 U.S.C. § 2241 is before the court on Petitioner's "Motion for Judicial Notice and For Final Disposition of Movant's Original Filing" (Doc. 10). Petitioner alleges that she was subject to cruel and unusual punishment while serving her federal sentence, and she seeks a reduction in her sentence for these alleged violations of the Eighth Amendment. (Doc. 1). For the reasons set forth below, the undersigned respectfully recommends that this action be dismissed because federal law does not authorize the relief that Petitioner seeks for alleged violations of the Eighth Amendment.

**I.    Background**

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 and raised three grounds, which she has phrased as issues for the court to address:

(1) "Denial of proper dental treatment, the infliction of pain and suffering by prolonging a minor dental defect and escalating it to emergency status by not completing started invasive treatments. Is this cruel and unusual punishment? (Doc. 1 at 3).

(2) "Does the adjudicated sentence permit or condone a custodial agency to mistreat, torture, and/or cripple their wards? (Doc. 1 at 4).

(3) "Does one day of pain and suffering calculate punishment adjudicated the same as one day without, when it comes to the calculation of time to be served incarcerated, deprived of freedom?" (Doc. 1 at 4).

As relief, Petitioner seeks an answer to these three questions, calculation of the value of the time she served while she was in pain, and a reduction in her sentence commensurate with the pain she allegedly suffered. (Doc. 1 at 6).

Upon review of the petition and the grounds asserted, the undersigned took into consideration Petitioner's *pro se* status and construed her petition as an action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971) (holding that there exists an implied private right of action for damages against federal officers who violate a citizen's constitutional rights). The undersigned, therefore, ordered Petitioner to file an amended complaint. (Doc. 7).

Petitioner filed an objection to the undersigned's order and argued that she intentionally filed a habeas action because it was the mechanism to obtain an immediate or speedier release from federal prison. (Doc. 8). The undersigned overruled the Petitioner's objection and noted that the Eleventh Circuit does not permit "release from confinement" as a remedy for a violation of the Eighth Amendment. *See Fernandez v. United States*, 941 F.2d 1488, 1494 (11th Cir. 1991). The undersigned provided Petitioner additional time to file an amended complaint and pay the remainder of the filing fee or submitting a motion to proceed *in forma pauperis*. (Doc. 9).

Instead of filing an amended complaint, however, Petitioner filed her "Request for Judicial Notice and for Final Disposition of Movant's Original Filing" (Doc. 10), which is currently pending. Petitioner steadfastly maintains that this action should proceed under § 2241. Her sole claim is that the prison failed to provide dental care in violation of the Eighth Amendment's proscription against cruel and unusual punishments.

## II.  Standard

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts require a federal court to screen a habeas petition prior to any answer or other pleading. This Rule applies to habeas actions under both 28 U.S.C. § 2254 and 28 U.S.C. § 2241. *See* R. 1(b), Rules Governing § 2254 ("[T]he district court

may apply any or all of these rules to a habeas petition not covered by Rule 1(a)."). Rule 4 requires that the petition be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." R. 4, Rules Governing § 2254 Cases; *see McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 2573 (1994).

## III.   Discussion

Habeas corpus review is available under § 2241 if an individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the execution of a sentence. "It is clear . . . that the essence of a habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833 (1973). Thus, a claim that could shorten or invalidate a prisoner's term of imprisonment should be brought as a habeas petition. In contrast, challenges to federal prison conditions and a federal prisoner's treatment in prison are properly brought in a *Bivens* action. *Glaus v. Anderson*, 48 F.3d 382, 386 (7th Cir. 2005) ("If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, we have held that she must use a § 1983 or *Bivens* theory . . . .").

Release from prison or a reduction in a prison sentence is not a remedy available under *Bivens*, regardless of which Amendment to the Constitution allegedly was violated. *See Glaus*, 48 F.3d at 387; *Fernandez*, 941 F.2d at 1494; *Crawford v. Bell*, 599 F.2d 890, 892 (9th Cir. 1979).  More specifically, the Eleventh Circuit has held that "[r]elease from confinement is not a possible remedy" for prison conditions that violate the Eighth Amendment. *Fernandez*, 941 F.2d at 1494. Instead, under Eleventh Circuit precedent, "[t]he appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment . . . is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment." *Id.* (citing *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990)); *see also Glaus*, 48 F.3d at 387 (noting that petitioner could not bring a claim of deliberate indifference in a habeas petition because "[i]f an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option.").

Thus, section 2241 is not an appropriate vehicle to allege a violation of the Eighth Amendment, because even if Petitioner were to prevail and show that the Defendants' actions constituted deliberate indifference to a serious medical need, this court lacks the power to reduce her sentence for such a violation. *See McKinnis*, 693 F.2d at 1057; *see also Glaus*, 408 F.3d at 384, 387 (holding that the district court

could not reduce a plaintiff's criminal sentence even if he established that his Eighth Amendment rights had been violated while serving that sentence); *Vaz v. Skinner*, 634 F. App'x. 778, 781 (11th Cir. 2015) (holding that a "§ 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement"). As the Eleventh Circuit has unequivocally stated: "even if a prisoner proves an allegation of mistreatment in prison that amounts to cruel and unusual punishment, he is not entitled to release." *Gomez*, 899 F.2d at 1126; *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979) (holding that a prisoner who was subjected to cruel and unusual punishment "still would not be entitled to release from prison").

Section 2241, therefore, does not authorize courts to provide the only relief Petitioner seeks: a reduction in her term of incarceration. *Fernandez*, 941 F.2d at 1494; *Gomez*, 899 F.2d at 1126; *Cook*, 596 F.2d at 660. When a federal court lacks the authority to grant the relief that a petitioner requests in a § 2241 action, the proper procedure is to dismiss the action. Rule 4, Rules Governing § 2254 Cases; *see McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 2573 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ."); *Day v. Crosby*, 391 F.3d 1192, 1194 (11th Cir. 2004)

(per curiam) (noting that district courts have authority to dismiss a habeas petition *sua sponte* when they are unable to grant the relief requested).

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254.

2. The clerk of court be directed to close the case file.

At Panama City Beach, Florida, this 31st day of July, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**